### PFANTZ v. CULVER & CO. *et al.*

1. **ADMISSION OF IMPROPER EVIDENCE.** The Supreme Court will not reverse the judgment of the court below upon the ground that improper evidence offered by appellee was admitted, when it is shown by the record that the appellee was entitled to judgment upon the pleadings.

2. **ALLEGATIONS TAKEN AS TRUE.** When a defendant makes an appearance in an action, but makes no answer nor excuse therefor, the allegations of the petition will be taken as true.

*Appeal from Linn District Court.*

MONDAY, JUNE 9.

THIS action was commenced before a justice of the peace upon the following instrument:

"*Chicago, May* 13, 1861.
"HOFFMAN & GELPCKE:
"Pay to Robert Maxwell or order, Fifty-four & $\frac{05}{100}$ Dollars.
CULVER & CO."
Indorsed, "ROBERT MAXWELL."

The drawers and payees were made defendants, but answered not. Maxwell appealed, and on the trial in District Court, plaintiff offered in evidence the draft and certificate of protest, and upon this evidence, and this alone, judgment was rendered for plaintiff, and defendant appeals.

*Thompson & Corbett* for the appellant.

*Smyth, Young & Smyth* for the appellee.

WRIGHT, J. — The rejection of the testimony, objected to by defendants, and admitted in the court below, would not avail them, for the plaintiff is entitled to judgment upon the averments contained in his petition, which stand undenied. If, therefore, the testimony was improperly admitted,

(and such is our opinion,) it is an error without prejudice. For if the cause, for this error, should be reversed and remanded, defendants are in default, and in no condition to controvert the allegations of the petition, which are clearly sufficient to entitle the plaintiff to judgment. Defendants were in court, made an appearance, but made no answer, nor excuse therefor.

The judgment must, therefore, stand

Affirmed.